IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM RAYMOND HODGE,

        Petitioner,                    No. CIV S-06-1553 MCE DAD P

    vs.

TOM L. CAREY, et al.,              ORDER AND

        Respondents.           FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus and has paid the $5.00 filing fee. Pursuant to Local Rule 81-190(d), this case has been reassigned to the undersigned magistrate judge.

        Petitioner is challenging a judgment of conviction entered in the Yuba County Superior Court on October 16, 2001. Petitioner alleges the following grounds for relief:

        A. Ground one: Guilty (nolo) plea was not made voluntarily or intelligently made.

        B. Ground two: Court failed to comply with Rule 11 of the Federal Rules of Criminal Procedure.

(Pet. at page bearing the number (4).)

        Petitioner previously challenged his 2001 Yuba County conviction and sentence in case No. CIV S-04-0617 MCE DAD P, a federal habeas proceeding commenced on March 29,

1

1  2004. Petitioner's initial pleading was dismissed, and petitioner filed an amended petition on

2  June 9, 2004. Respondents' motion to dismiss the amended petition as time-barred was denied

3  on March 9, 2005. Respondents' subsequent motion for summary dismissal of all claims was

4  granted on March 8, 2006, and the case was dismissed. Petitioner did not appeal the decision.

5  Petitioner's new habeas petition is a second or successive application. "A claim

6  presented in a second or successive habeas corpus application under section 2254 that was

7  presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1). A claim that was

8  <u>not</u> presented in a prior application shall be dismissed, unless

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2). Before a second or successive application permitted by § 2244(b)(2) can

be filed in the district court, "the applicant shall move in the appropriate court of appeals for an

order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

In findings and recommendations filed in petitioner's prior federal habeas case on

January 31, 2006, the undersigned described the pro se petitioner's claims as follows:

> Petitioner advances two claims in his amended petition pending before this court: (1) ineffective assistance of trial counsel; and (2) denial of his due process right not to be compelled to be a witness against himself. As to the first claim, petitioner contends that his trial counsel did not discuss a defense strategy with petitioner prior to his preliminary hearing on June 29, 2001, did not conduct discovery to prepare and develop a defense to the charges and failed to provide vigorous representation during the preliminary hearing and at sentencing. Specifically, petitioner contends that his counsel did not interview potential witnesses, including his girlfriend Susan Goodwyn, and failed to pursue

discrepancies in the police report, take photographs of the crime scene, obtain evidence of petitioner's alcoholism and psychological disorder, investigate whether there were mitigating factors, and investigate petitioner's mistreatment as a child for purposes of mitigation. Despite the lack of investigation and effort to develop a defense, counsel allegedly advised petitioner that pleading guilty was in his best interest.

As to his second claim, petitioner makes the following contentions: petitioner's waiver of his Miranda rights during his interrogation by sheriff deputies was invalid because he was under the influence of alcohol, the prosecution withheld information from the defense, petitioner's mental competence was diminished throughout the proceedings before the trial court, the conclusions reached as a result of petitioner's competency examination were false, and the Marsden hearing was invalid. Petitioner's memorandum of points and authorities provides only some clarification with respect to these claims. . . . As to his mental competence at the time he entered his guilty plea, petitioner only reasserts that because his dosage of Haldol was excessive, he was "unable to fully comprehend discovery, assistance of counsel and pre-trial issues . . . . [and] was not adequately capable of analytical and structural decisions." Petitioner also challenges the report prepared by a psychologist for his competency hearing. . . . As to his Marsden hearing, petitioner argues that although he had difficulty explaining how his attorney was not providing adequate representation, the trial court should have assisted petitioner to ensure there was no miscarriage of justice.

(Findings & Recommendations filed Jan. 31, 2006, in case No. CIV S-04-0617 MCE DAD P, at

3-5 (citations and footnotes omitted).)

The allegations and arguments in petitioner's previous habeas petition required

the court to consider whether petitioner's plea was voluntarily and intelligently made. The

court's analysis of petitioner's first claim included the following discussion:

Even assuming arguendo that petitioner is attacking the voluntary and intelligent character of his guilty plea by alleging that the advice he received from counsel to plead guilty was flawed, his claim lacks merit and he should be denied relief.

. . . .

Here, petitioner indicates that his counsel advised him that accepting the plea agreement was in his best interest. There is nothing in the record demonstrating that this advice was not "'within the range of competence demanded of attorneys in

3

> criminal cases.'" Moreover, petitioner's plea agreement obtained for him an aggregate sentence of nine years in state prison. Absent that plea agreement petitioner was facing two additional felony charges. Given his prior record, a guilty verdict at trial would have rendered petitioner eligible for a sentence of 25 years to life in prison under California's Three Strikes Law. In addition, the evidence against petitioner was strong. Both his mother and his step-father gave compelling testimony against petitioner at the preliminary examination. Finally, the record reflects that petitioner acknowledged that his plea was made voluntarily and intelligently at the time he entered that plea . . . .
>
> . . . .
>
> These facts preclude a reasonable claim that petitioner would have insisted on going to trial had he received advice from an attorney in which he had more confidence. Certainly his counsel's advice to accept this favorable plea agreement was within the wide range of competence demanded of attorneys in criminal cases. Thus, after reviewing this record, the undersigned finds that petitioner's ineffective assistance of counsel claim attacks matters not relating to his entry of plea and that petitioner's plea was made voluntarily and knowingly.

(Id. at 10-12 (citations omitted.)

In his competency claim, petitioner argued that his plea was involuntary because he was over-medicated with Haldol and was incompetent when he entered the plea. (Id. at 12.) The court analyzed petitioner's competency claim as a claim that his plea was not knowing and voluntary. (Id. at 13-15.)

> In his memorandum of points and authorities, petitioner merely argues that because he taking Haldol, he was "unable to fully comprehend discovery, assistance of counsel and pre-trial issues . . . . [and] was not adequately capable of analytical and structural decisions." This conclusory argument is contradicted by petitioner's statements both at the hearing when he entered his plea and in connection with his mental competency examination. At the change of plea hearing petitioner answered the questions put to him in rational manner and told the court that although he was taking Haldol, he understood the nature of the proceedings.
>
> . . . .
>
> Moreover, at an earlier stage of the proceedings a competency examination of petitioner was conducted. In connection with that examination, a psychologist concluded that petitioner was able to understand the nature and purpose of the

4

> proceedings taken against him, was able to assist counsel in his defense and in a rational manner and was mentally competent.
>
> Thus, petitioner's current claim that he was not competent when he entered the guilty plea is simply unsupported by any evidence in the record. Accordingly, this claim should be summarily dismissed.

(Id. at 14-15 (citations and footnotes omitted).)

The first ground for relief alleged in petitioner's second or successive petition is that his guilty plea was not intelligently or voluntarily made. He argues that the plea was not intelligently made because he "had no idea of the facts" when he entered the plea and now he believes that no reasonable judge or jury would have convicted him had he gone to trial. He contends that the plea was not voluntary because his attorney advised him to accept the plea offer, because he lacked knowledge of the facts, and because he was heavily medicated. The allegations that support petitioner's first ground for relief were presented in his prior federal habeas proceeding and must be dismissed.

The second ground for relief alleged in petitioner's second or successive petition is that the trial court failed to comply with Rule 11(f) of the Rules of Criminal Procedure.[1] Petitioner alleges that when the court asked the prosecutor about the factual basis of petitioner's plea, petitioner's attorney suggested that the court "use the pre-lim (sic) hearing transcripts." (Pet. at page bearing the number 9.) Petitioner's Rule 11 claim was not presented in his first federal habeas action and must be dismissed because petitioner did not obtain an order from the court of appeals authorizing this court to consider a second or successive application presenting the claim. See 28 U.S.C. § 2244(b)(3)(A).

Authorization to proceed on a second or successive application for a writ of habeas corpus can be obtained only by making the showing required by 28 U.S.C. § 2244(b)(2). It does not appear that petitioner can make such a showing for his Rule 11 claim. A state court's

---

[1] In 2002, Rule 11 was amended and reorganized. The provision contained in former Rule 11(f) is now found in Rule 11(b)(3). See Fed. R. Crim. P. 11 (West 2006).

5

mere failure to comply with any requirement contained in Rule 11 of the Federal Rules of Criminal Procedure is insufficient to show a denial of a constitutional right. The Federal Rules of Criminal Procedure "govern the procedure in all criminal proceedings in the United States district courts, the United States courts of appeals, and the Supreme Court of the United States." Fed. R. Crim. P. 1(a)(1). "While Rule 11 sets forth the requirements for the entering of a plea in federal court, these requirements are not binding on a state court to the extent they are not grounded in the Constitution." United States v. Newman, 912 F.2d 1119, 1123 (9th Cir. 1990). In California, a trial court is required by California Penal Code § 1192.5 to establish a sufficient factual basis only when taking a conditional plea of guilty or nolo contendere to certain felony charges. People v. Holmes, 32 Cal. 4th 432, 435, 84 P.3d 366, 9 Cal. Rptr. 678 (2004). When a factual basis must be established pursuant to § 1192.5, the trial court "must garner information regarding the factual basis for the plea from either defendant or defense counsel." Id. at 436. If the information is obtained from defense counsel, the trial court "should request that defense counsel stipulate to a particular document that provides an adequate factual basis, such as a complaint, police report, preliminary hearing transcript, probation report, grand jury transcript, or written plea agreement." Id. (emphasis added). In the present case, defense counsel's stipulation to the preliminary hearing transcript as providing a factual basis appears to comport with state law as interpreted by the state's highest court.

   Although it is unlikely that petitioner can obtain a Ninth Circuit order permitting him to raise his present his new claim in a second or successive habeas petition in this court, the undersigned will recommend that this action be dismissed without prejudice so that petitioner may seek such an order.

   Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court is directed to serve a copy of this order upon Brian R. Means, Supervising Deputy Attorney General; and

   IT IS RECOMMENDED that this action be dismissed without prejudice.

/////

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, petitioner may file written objections with the court.  A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 21, 2006.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
hodg1553.suc